IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALRIC HOWELL and TELLY WILSON individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DAWN FOOD PRODUCTS, INC.<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL BY DEFENDANT DAWN FOOD PRODUCTS, INC.

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, defendant Dawn Food Products, Inc. ("Dawn"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois ("State Court"), in which court the cause is currently pending, to the United States District Court for the Northern District of Illinois. In support thereof, Dawn states as follows:

1.　Dawn exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Howell, et al. v. Dawn Food Products, Inc.*, Case No. 2020CH02635.

2.　Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

3.　This is a civil action that was instituted in the State Court, and has not been tried. On or about March 3, 2020, Plaintiffs Alric Howell and Telly Wilson ("Plaintiffs") filed their original class action complaint (the "Complaint") in the State Court. A true and correct copy of

all documents and filings sent by Plaintiff via regular U.S. mail and received by Dawn on March 9, 2020 are attached hereto as Exhibits A, B, C, and D. Specifically, the Summons and Notice and Acknowledgement of Receipt of Summons and Complaint are attached as Exhibit A; Dawn's executed and returned version of the Notice and Acknowledgement of Receipt of Summons is attached as Exhibit B; the Complaint is attached as Exhibit C; and Plaintiff's Notice and Motion for Class Certification is attached as Exhibit D. Because Dawn received a copy of the summons and Complaint via U.S. mail on March 9, 2020, and executed the waiver of service on April 3, 2020 (*see* Exhibits A, B and C) this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453.

4. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

**THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d)(11), 1453**

5. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2), because: (i) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); and (ii) at least one member of the putative class is a citizen of a state different from any defendant.

**I. The Minimal Diversity Of Citizenship Requirement Is Satisfied**

6. At the time Plaintiff commenced this action against Dawn in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

7. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Dawn is a citizen of a different states than at least one putative class member.

8. First, the Complaint identifies the named Plaintiffs as residents of Illinois and proposes a putative class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Dawn while residing in Illinois." Compl. ¶¶ 10, 38, attached as Exhibit C. Second, based upon records provided to Dawn by putative class members, at least one member of the putative class is a citizen of Illinois. Individuals who have utilized the timekeeping device at issue in this matter are employed by Dawn in Illinois and have provided to Dawn personal records indicating residence in Illinois and an intent to remain in Illinois, including I-9 Employment Verification forms, W-4 tax forms, and driver's licenses or state issued identification cards. *See* Affidavit if Becky Cheek at ¶ 5, attached hereto as Exhibit E. These documents, in conjunction with Plaintiff's allegation that Plaintiffs and all putative class members reside in Illinois, establish that at least one putative class member is domiciled in Illinois, as they work in Illinois, reside in Illinois, maintain a driver's license or state identification issued by Illinois, identify Illinois as their address for federal tax purposes, and identify Illinois as their address for employment verification purposes. *See Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931-32 (N.D. Ill. 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8 (1st Cir.1991); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. 1984)). As such, at least one member of the putative class is an Illinois citizen.

9. The Complaint does not identify the state of incorporation of Dawn, and merely states that Dawn operates in Illinois. *Id.* ¶ 11. Dawn is incorporated in Michigan, with its principal place of business in Michigan. Affidavit of Becky Cheek at ¶ 3. For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Dawn is a citizen of a state other than the state of Illinois.

10. As a citizen of Michigan, Dawn is a citizen of a state other than the state of citizenship of at least one putative class member. Accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

## II. The Amount In Controversy Requirement Under CAFA Is Satisfied Because The Aggregate Amount In Controversy Exceeds $5,000,000

11. Under CAFA, the claims of the putative class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11). Plaintiffs' claims meet the jurisdictional threshold set forth in § 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

12. Where, as here, a complaint fails to plead a specific amount of damages or disclaim an amount of damages of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13. A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses

federal jurisdiction." *Id.* at 448–49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

14. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dar Cherokee*, 135 S. Ct. 554 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

15. The Complaint asserts two counts seeking relief for purported violations of two different sections, plus certain subsections thereof, of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA").

16. In their First Cause of Action, Plaintiffs claim that Dawn failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA, as required by 740 ILCS 14/15(a). *See* Compl. ¶ 49.

17. As their Second Cause of Action, Plaintiffs allege that Dawn violated BIPA when it systematically and automatically collected, used, stored, and disclosed Plaintiffs' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3). Compl. ¶ 58.

18. Plaintiff further alleges that Defendant did not inform Plaintiffs in writing that their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated, nor did Defendant inform Plaintiffs in writing of the specific purpose and length of term for which biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(l)-(2). Compl. ¶ 59.

19. Plaintiff seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)." Compl. ¶¶ 51, 61. The Complaint also seeks declaratory, injunctive and equitable relief by requiring Defendant to comply with BIPA's requirements. *Id.* Moreover, the Complaint seeks attorney's fees and costs. *Id.*

20. The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

21. BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). BIPA provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2). Plaintiff's prayer for relief seeks damages pursuant to 740 ILCS 14/20(2), and then, in the alternative, damages pursuant to 740 ILCS 14/20(1). This demonstrates that Plaintiff is seeking, initially, statutory damages of $5,000 for each alleged violation of BIPA, and Plaintiff claims that Defendant violated two separate provisions of BIPA. *See* Compl. ¶¶ 51, 61.

22. The amount of damages sought by the putative class plausibly could include the combined total of the statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6) (under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs"). Therefore, the total of these statutory damage amounts during the relevant time period makes up the plausible damages at issue in this case.

23. Plaintiff seeks to represent a class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Dawn while residing in Illinois." Compl. ¶ 38. Dawn's records indicate that there are more than 500 individuals who have used the time keeping devices described in the Complaint at the Manteno,

6

Illinois facility. *See* Affidavit of Becky Cheek at ¶ 7. Accordingly, there are more than 500 members of the putative class based on the allegations of the Complaint. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 per alleged violation, of which Plaintiff asserts at least two, exceeds $5 million.

24. Accordingly, by virtue of joining their claims in one action, Plaintiff and her purported class have placed in controversy an amount that exceeds $5 million in damages.

25. In addition, Plaintiff seeks an award of "reasonable attorney's fees and costs incurred in filing and prosecuting this action." Compl. ¶¶ 51, 61.

26. The amount in controversy threshold is satisfied for purposes of satisfying 28 U.S.C. § 1332(d)(6).

### III. The Court Should Not Decline To Exercise Jurisdiction Over This Action

27. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed. Plaintiffs cannot satisfy this provision. The Complaint submits that all putative class members are Illinois residents. Compl. ¶ 38. While being a "resident" does not equate to citizenship, it is highly unlikely that less than two-thirds of the members of the putative class are citizens of Illinois. Furthermore, Dawn is a citizen of Michigan, not Illinois. *See* Affidavit of Becky Cheek at ¶ 3. This action was originally filed in the state of Illinois. *See* Exhibit C.

28. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

    a.    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    b.    at least one defendant is a defendant:
        i.    from whom significant relief is sought by members of the plaintiff class;
        ii.    whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and
        iii.    who is a citizen of the State in which the action was originally filed; and

    c.    principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

    d.    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

29.    The factors outlined in 28 U.S.C. § 1332(d)(4) are not present here because Dawn is not a citizen of Illinois. By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed. Accordingly, because the defendant is not a citizen of the State in which the action was originally filed, this Court should not decline to exercise jurisdiction on the basis of 28 U.S.C. § 1332(d)(3).

**IV.    The Allegations of the Complaint Confer Article III Standing**

30.    This Court has standing pursuant to Article III of the United States Constitution because Plaintiffs have alleged an injury-in-fact and that their purported biometric data was systematically and automatically disclosed to third parties without authorization. *See* Compl. ¶ 58.

31.    Plaintiffs allege that Dawn failed to provide written notice to Plaintiffs that their purported biometric data was being disseminated to third parties, and advise Plaintiffs of the purpose for which their data was being disseminated. Compl. ¶ 59.

32.    Plaintiffs also seek to represent a class of all residents of the State of Illinois who had their fingerprints "disclosed" by Dawn. Compl. ¶ 38.

33. Plaintiffs claim that class status is appropriate because there are common questions of law and fact applicable to each class member, including whether their data was sold, leased or traded, and thus whether it was disseminated. Compl. ¶ 40(d).

34. In light of the specific allegations of the Complaint, along with the Illinois Supreme Court's holding in *Rosenbach* regarding the specific purpose of BIPA, Article III standing is established at the time of removal. *See Dixon v. Washington and Jane Smith Community - Beverly*, 17C8033, 2018 WL 2445292, *10 (N.D. Ill. May 31, 2018) (Plaintiff's allegations that defendant disclosed her fingerprint scan without informing her or obtaining her consent to do so is sufficiently concrete to constitute an injury in fact that supports Article III standing.)

## **PROCEDURAL COMPLIANCE**

35. In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after the service on Dawn of the summons and Complaint. Dawn received the summons and Complaint on March 9, 2020.

36. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Northern District of Illinois, which embraces the place where the action is pending.

37. The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 124(a)(1).

38. No previous application has been made for the relief requested herein.

39. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Dawn: the Complaint bearing the case number 2020CH02635, filed in the Circuit Court of Cook County, Illinois (*see* Exhibit A, attached hereto),

summons (*see* Exhibit C, attached hereto), Plaintiff's Motion for Class Certification (*see* Exhibit D, attached hereto); and Plaintiff's request for waiver of service (*see* Exhibit E, attached hereto).

40. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

41. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

WHEREFORE, Defendant Dawn Food Products, Inc. hereby removes this case from the State Court, where it is now pending, to this Court.

Dated: April 8, 2020

Respectfully submitted,

DAWN FOOD PRODUCTS, INC.

By: */s/ Molly K. McGinley*
      One of Its Attorneys

Molly K. McGinley
Kenn Brotman
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8108
molly.mcginley@klgates.com
kenn.brotman@klgates.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true and correct copy of the preceding Notice of Removal, including all attachments thereto, to be served on the following counsel of record by ECF and e-mail delivery on April 8, 2020:

>David J. Fish
>The Fish Law Firm, P.C.
>200 E. 5th Ave., Suite 123
>Naperville, IL  60565
>Telephone:  (630) 355-7590
>Fax:  (630) 929-7590
>dfish@fishlawfirm.com

>*Attorneys for Plaintiffs*

       */s/ Molly K. McGinley*